**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RYAN BIETSCH, BRYAN SCHNEIDER, and MICHAEL PFORTMILLER, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | Case No. 15-cv-05432 |
| v. | ) | Hon. Sara L. Ellis |
| SERGEANT'S PET CARE PRODUCTS, INC., a Michigan corporation, | ) | Hon. Susan E. Cox |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS**

Joseph J. Siprut
*jsiprut@siprut.com*
Richard L. Miller II
*rmiller@siprut.com*
Todd McLawhorn
*tmclawhorn@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
**SIPRUT PC**
17 N. State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.470.6588
**www.siprut.com**

***Counsel for Plaintiffs and the Proposed Putative Class***

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................... 1

II. ARGUMENT ............................................................................................ 1

A. Sergeant's Request Is Premature ..................................................... 2

B. Plaintiffs Pled All The Requisites For Class Certification ................................ 4

1. Questions Of Fact Predominate ................................................. 4

2. Common Issues Of Law Predominate ......................................... 7

a. Plaintiffs' ICFA Claim May Be Brought On Behalf Of A Multi-State Class ........................................ 8

b. Claims For Breach Of Express And Implied Warranties Are Appropriate For Nationwide Class Allegations ........................... 11

3. The Class Definition Satisfies Ascertainability ....................................... 13

4. Plaintiffs' (B)(2) Allegations Should Not Be Stricken ............................ 14

III. CONCLUSION ........................................................................................ 15

# TABLE OF AUTHORITIES

## United States Circuit Court of Appeals Cases

*Allapattah Servs. v. Exxon Corp.*,
333 F.3d 1248 (11th Cir. 2003) .......... 7

*Chapman v. First Index, Inc.*,
796 F.3d 783 (7th Cir. 2015) .......... 2

*Cole v. Gen. Motors Corp.*,
484 F.3d 717 (5th Cir. 2007) .......... 11

*Damasco v. Clearwire Corp.*,
662 F.3d 891 (7th Cir. 2011) .......... 2

*In re Bridgestone/Firestone, Inc.*,
288 F.3d 1012 (7th Cir. 2002) .......... 8

*In re IKO Roofing Shingle Products Liab. Litig.*,
757 F.3d 599 (7th Cir. 2014) .......... 6

*In re Linerboard Antitrust Litig.*,
305 F.3d 145 (3d Cir. 2002).......... 10

*In re Mexico Money Transfer Litig.*,
267 F.3d 743 (7th Cir. 2001) .......... 9

*Jefferson v. Ingersoll International Inc.*,
195 F.3d 894 (7th Cir.1999) .......... 15

*Keeling v. Esurance Ins. Co.*,
660 F.3d 273 (7th Cir. 2011) .......... 10

*Lemon v. Int'l Union of Operating Engineers, Local No. 139, AFL-CIO*,
216 F.3d 577 (7th Cir. 2000) .......... 15

*Matter of Rhone-Poulenc Rorer, Inc.*,
51 F.3d 1293 (7th Cir. 1995) .......... 9

*Messner v. Northshore Univ. HealthSystem*,
669 F.3d 802 (7th Cir. 2012) .......... 2, 4, 7

*Mirfasihi v. Fleet Mortgage Corp.*,
450 F.3d 745 (7th Cir. 2006) .......... 8

*Mullins v. Direct Digital, LLC*,
795 F.3d 657 (7th Cir. 2015). .......................................................................................... 14

*Pella Corp. v. Saltzman*,
606 F.3d 391 (7th Cir. 2010) .............................................................................................. 6

*Suchanek v. Sturm Foods, Inc.*,
764 F.3d 750 (7th Cir. 2014) .............................................................................................. 6

*Szabo v. Bridgeport Machines, Inc.*,
249 F.3d 672 (7th Cir. 2001) ......................................................................................... 9, 12

*Williams v. Burlington N., Inc.*,
832 F.2d 100 (7th Cir. 1987) ............................................................................................ 15

**United States District Court Cases**

*Aliano v. WhistlePig, LLC*,
2015 WL 2399354 (N.D. Ill. May 18, 2015) ...................................................................... 14

*Birchmeier v. Caribbean Cruise Line, Inc.*,
2012 WL 7062748 (N.D. Ill. Dec. 31, 2012) ........................................................................ 3

*Boatwright v. Walgreen Co.*,
2011 WL 843898 (N.D. Ill. Mar. 4, 2011) ........................................................................ 2, 3

*Buonomo v. Optimum Outcomes, Inc.*,
301 F.R.D. 292 (N.D. Ill. 2014) ..................................................................................... 1, 2, 4

*Bussian v. DaimlerChrylser Corp.*,
2007 WL 1752059 (M.D.N.C. June 18, 2007) .................................................................... 13

*Clark v. Sprint Spectrum L.P.*,
2011 WL 835487 (C.D. Cal. Mar. 7, 2011) ........................................................................... 4

*Cruz v. Sky Chefs, Inc.*,
2013 WL 1892337 (N.D. Cal. May 6, 2013) .......................................................................... 4

*Garner v. Healy*,
184 F.R.D. 598 (N.D. Ill. 1999) ........................................................................................ 13

*Gartin v. S & M NuTec LLC*,
245 F.R.D. 429 (C.D. Cal. 2007) ..................................................................................... 5, 6

*Heastie v. Cmty. Bank of Greater Peoria*,
125 F.R.D. 669 (N.D. Ill. 1989) .......................................................................................... 7

*Hill v. Wells Fargo Bank, N.A.*,
946 F. Supp. 2d 817 (N.D. Ill. 2013) ........................................................................ 1, 2

*Ikonen v. Hartz Mountain Corp.*,
122 F.R.D. 258 (S.D. Cal. 1988) ................................................................................ 6

*In re ConAgra Foods Inc.*,
908 F. Supp. 2d 1090 (C.D. Cal. 2012) .................................................................... 12

*In re Flonase Antitrust Litig.*,
2010 WL 234858 (E.D. Pa. Jan. 21, 2010) ................................................................ 4

*In re Gen. Motors Corp. Dex–Cool Products Liab. Litig.*,
241 F.R.D. 305 (S.D. Ill. 2007) .................................................................................. 9

*In re Levaquin Products Liab. Litig.*,
752 F. Supp. 2d 1071 (D. Minn. 2010) ...................................................................... 11

*Joseph v. Gen. Motors Corp.*,
109 F.R.D. 635 (D. Colo. 1986) ................................................................................ 13

*Kleen Products LLC v. Int'l Paper*,
306 F.R.D. 585 (N.D. Ill. 2015) .................................................................................. 4

*Machowicz v. Kaspersky Lab, Inc.*,
2014 WL 4683258 (N.D. Ill. Sept. 19, 2014) ........................................................... 3, 4

*Mahtani v. Wyeth*,
2011 WL 2609857 (D.N.J. June 30, 2011) ................................................................ 5, 6

*Mednick v. Precor*,
2014 WL 6474915 (N.D. Ill. Nov. 13, 2014) ..................................................... 3, 4, 8, 9

*Miller v. Janssen Pharm. Prods., L.P.*,
2006 WL 488636 (S.D. Ill. Feb. 28, 2006) ................................................................ 3, 5

*Miller v. Janssen Pharm. Prods., L.P.*,
2007 WL 1295824 (S.D. Ill. May 1, 2007) .................................................................. 5

*Muir v. Playtex Products, LLC*,
983 F. Supp. 2d 980 (N.D. Ill. 2013) ...................................................................... 11, 14

*Mullins v. Direct Digital, LLC*,
2014 WL 5461903 (N.D. Ill. Sept. 30, 2014) ............................................................... 2

*Phillips v. Sears Roebuck & Co.*,
2008 WL 2003186 (S.D. Ill. May 8, 2008)........................................................................ 9

*Power v. GMAC Mortg. Corp.*,
2007 WL 723509 (N.D. Ill. Mar. 7, 2007)......................................................................... 3

*Ramirez v. Palisades Collection LLC*,
250 F.R.D. 366 (N.D. Ill. 2008)........................................................................................ 4

*Saltzman v. Pella Corp.*,
257 F.RD 471 (N.D. Ill. 2009)............................................................................... 8, 9, 10

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) .......................................................................... 12

*Santiago v. Radioshack Corp.*,
2012 WL 934524 (N.D. Ill. Feb. 10, 2012) ...................................................................... 2

*Sparano v. Southland Corp.*,
1996 WL 681273 (N.D. Ill. Nov. 21, 1996) ................................................................... 10

*Tait v. BSH Home Appliances Corp.*,
289 F.R.D. 466 (C.D. Cal. 2012)..................................................................................... 13

*Toney v. Quality Res., Inc.*,
2014 WL 6757978 (N.D. Ill. Dec. 1, 2014)....................................................................... 3

*U.S. Dental Inst. v. Am. Ass'n of Orthodontists*,
1977 WL 1442 (N.D. Ill. 1977) ........................................................................................ 7

*Valentine v. WideOpen West Fin., LLC*,
288 F.R.D. 407 (N.D. Ill. 2012)........................................................................................ 1

*Walsh v. Ford Motor Co.*,
130 F.R.D. 260 (D.D.C. 1990)......................................................................................... 11

*Worix v. MedAssets, Inc.*,
869 F. Supp. 2d 893 (N.D. Ill. 2012) ................................................................................ 3

*Wright v. Family Dollar, Inc.*,
2010 WL 4962838 (N.D. Ill. Nov. 30, 2010) .................................................................... 2

**State Court Cases**

*Clark v. TAP Pharmaceutical Products, Inc.*,
798 N.E. 2d 123 (Ill. App. Ct. 2003) .............................................................................. 10

*Dewan v. Ford Motor Co.*,
842 N.E.2d 756 (Ill. App. Ct. 2005) .......... 14

*Gen. Motors Corp. v. Bryant*,
285 S.W.3d 634 (Ark. 2008).......... 13

*Gordon v. Boden*,
586 N.E. 2d 461 (Ill. App. Ct. 1991) .......... 13

*P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.*,
803 N.E.2d 1020 (Ill. App. Ct. 2004) .......... 9, 10

*Perez v. Professionally Green, LLC*,
73 A.3d 452, 460 (N. J. 2013).......... 11

*Purcell and Wardrope Chartered v. Hertz Corp.*,
530 N.E 2d 994 (Ill. App. Ct. 1988) .......... 12, 13

**<u>Statutes and Rules</u>**

810 ILCS 505/10a.......... 10

Fed. R. Civ. P. 23.......... 2

Minn. Stat. § 8.31.......... 11

Minn. Stat. §325.F67 .......... 11

## I. INTRODUCTION

Sergeant's has launched an unwarranted attack on Plaintiffs' class allegations under the pretense that ***no possible*** construction of facts could support class certification. Sergeant's Motion is premature at the pleadings stage. Sergeant's has not answered the Complaint, a motion to dismiss on the merits is pending, and the parties have not commenced discovery. Whatever the merits of Sergeant's arguments on class certification (or lack thereof), those are issues that should be debated at the *class certification* phase of this case, with the benefit of a full and proper record—not at the pleading stage.

Even assuming that analyzing class certification is appropriate now (it is not), Sergeant's Motion fails because it is based almost entirely on the false assumption that Plaintiffs seek damages for the injuries sustained by their dogs and those of the Class. However, Plaintiffs are actually seeking compensation for the purchase price of Sergeant's worthless—and deadly—Pur Luv Treats ("Treats"). When stripped of this misconception, Sergeant's Motion fails to provide any valid, sustainable grounds on which the Court could strike the Class allegations.[1]

## II. ARGUMENT

Courts evaluate motions to strike class allegations under Fed. R. Civ. P. 23. *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014) (St. Eve, J.); *see Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829-33 (N.D. Ill. 2013) (Feinerman, J.) (holding that Fed. R. Civ. P. 23(c)(1)(A) provides a procedural mechanism that "empowers the court to decide at the pleading stage whether the suit will be permitted to proceed as a class action"); *Valentine v. WideOpen West Fin., LLC*, 288 F.R.D. 407, 414 (N.D. Ill. 2012) (Chang, J.) ("The standard for evaluating whether

[1] Plaintiffs incorporate the factual background provided in their Plaintiffs' Response in Opposition to Sergeant's Motion to Dismiss Plaintiffs' Class Action Complaint, filed contemporaneously with this Response.

class allegations should be stricken is the same as that for class certification, and is laid out in Rule 23(a).”). Although Fed. R. Civ. P. 23(c)(1)(A) directs that the court determine at “an early practicable time . . . whether to certify the action as a class action[] . . . [m]ost often it will not be practicable for the court to do that at the pleading stage[.]” *Buonomo*, 301 F.R.D. at 295 (quoting *Hill*, 946 F. Supp. 2d at 829). Where “the dispute concerning class certification is factual in nature and discovery is needed to determine whether a class should be certified, a motion to strike the class allegations at the pleadings stage is premature.” *Buonomo*, 301 F.R.D. at 295 (citing *Santiago v. Radioshack Corp.*, 2012 WL 934524, at *4 (N.D. Ill. Feb. 10, 2012); *Wright v. Family Dollar, Inc.*, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010)); *see also Boatwright v. Walgreen Co.*, 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011) (“Because a class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff’s cause of action, . . . a decision denying class status by striking class allegations at the pleading stage is inappropriate.”).

**A. Sergeant’s Request Is Premature.**

Sergeant’s entire Motion, which asks this Court to resolve class certification issues *on the pleadings alone*, is woefully premature. The Seventh Circuit has held that a court may “abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.” *Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011) *overruled on other grounds by Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015); *see Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (“On issues affecting class certification . . . [i]f there are material factual disputes, the court must ‘receive evidence . . . and resolve the disputes before deciding whether to certify the class.’”) (citations omitted); *accord Mullins v. Direct Digital, LLC*, 2014 WL 5461903, at *1 (N.D. Ill. Sept. 30, 2014) *aff'd*, 795 F.3d 654 (7th Cir.

2015). That is why courts in this District repeatedly recognize that it is premature to address class certification by way of a motion to strike class allegations in a complaint. Therefore, courts rarely grant such motions. *See, e.g.*, *Machowicz v. Kaspersky Lab, Inc.*, 2014 WL 4683258, at *5 (N.D. Ill. Sept. 19, 2014) (Holderman, J.) ("The question of which users are susceptible to which false vulnerabilities, and whether there is indeed an overarching scheme to always report "PROBLEMS FOUND!" on users' computers, ***requires discovery***. Accordingly, given the rigorous scrutiny that Rule 23 requires, it is ***too early*** for the court to make a determination on class certification.") (emphasis added); *Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *7 (N.D. Ill. Dec. 1, 2014) (St. Eve, J.) ("The court views [defendant's] presentation as an improper preemptive attack on the putative classes prior to class certification proceedings. The parties have not yet completed discovery, and the class allegations are not facially deficient."); *Mednick v. Precor*, 2014 WL 6474915, at *1, *7 (N.D. Ill. Nov. 13, 2014) (Leinenweber, J.) ("Precor's argument essentially challenges Plaintiffs [sic] ability to satisfy the requirements of Rule 23. Whether a plaintiff has fulfilled Rule 23 class action requirements, however, is not an appropriate inquiry at the motion to dismiss stage.").[2]

---

[2] *See also Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748, at *2 (N.D. Ill. Dec. 31, 2012) (Kennelly, J.) ("Plaintiffs have alleged the necessary elements under Rule 23, and they have done so plausibly. Determination of whether plaintiffs actually can establish the basis for class certification is premature."); *Boatwright*, 2011 WL 843898, at *2 (Castillo, J.) ("[A] decision denying class status by striking class allegations at the pleading stage is inappropriate."); *Power v. GMAC Mortg. Corp.*, 2007 WL 723509, at *5 (N.D. Ill. Mar. 7, 2007) (Kocoras, J.) (motions to strike class allegations are "best resolved after crystallization in a . . . motion for class certification under Fed. R. Civ. P. 23"); *Worix v. MedAssets, Inc*., 869 F. Supp. 2d 893, 901 (N.D. Ill. 2012) (Kennelly, J.) ("[I]t would be premature to . . . rule preemptively that no class claims may be asserted, before there is any evidence regarding the claims of other potential class members."); *Miller v. Janssen Pharm. Prods., L.P.* (*Janssen I*), 2006 WL 488636, at *1 (S.D. Ill. Feb. 28, 2006) (rejecting motion to strike class allegations as premature).

Numerous cases from other jurisdictions have also made it clear that striking class allegations at the pleading stage should be done rarely and that the better course is to address these issues only after appropriate discovery and in the context of a motion for class certification. *Cruz*

Here, Plaintiffs have not been permitted to conduct ***any*** discovery. Under these circumstances, striking Plaintiffs' class allegations at this early stage would be both improper and unwarranted.

**B. Plaintiffs Pled All Of The Requisites For Class Certification.**

Sergeant's argues that this case presents a rare circumstance in which the Court can determine from the ***pleadings alone*** that a class could ***never*** be certified. (Def. Br. at 3.) Sergeant's is dead wrong, as judges in this district "generally address[] class certification at the pleading stage only when the class allegations are 'facially and inherently deficient.'" *Kaspersky*, 2014 WL 4683258, at *5 (quoting *Buonomo*, 301 F.R.D. at 295); *accord Mednick*, 2014 WL 6474915, at *6. Sergeant's cannot meet this standard, here, because Plaintiffs have pled valid class claims and should be permitted to fully brief the certification issue following discovery.

**1. Questions Of Fact Predominate.**

Questions of fact predominate if they can be resolved with "evidence that is common to the class rather than individual to its members." *Messner*, 669 F.3d at 818; *accord Kleen Products LLC v. Int'l Paper*, 306 F.R.D. 585, 595-96 (N.D. Ill. 2015); *see also Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366, 373 (N.D. Ill. 2008) (in finding predominance was satisfied, court found that each of the common questions can be proven with class-wide "generalized evidence rather than individualized inquiries"). Here, factual issues will center entirely on Sergeant's conduct, such as whether: (a) the Treats' inability to dissolve during normal digestion renders them

---

*v. Sky Chefs, Inc.*, 2013 WL 1892337, at *6 (N.D. Cal. May 6, 2013) (citing cases and denying defendant's motion to strike class allegations as "premature" where discovery had not commenced); *Clark v. Sprint Spectrum L.P.*, 2011 WL 835487, at *3 (C.D. Cal. Mar. 7, 2011) ("A motion to strike class allegations is not a substitute for class determination and should not be used in the same way."); *see also In re Flonase Antitrust Litig.*, 2010 WL 234858, at *4 (E.D. Pa. Jan. 21, 2010) ("This argument [to strike class allegations] is premature; the question of who will comprise the proposed class (i.e. whom named plaintiffs may represent) should be determined at class certification.").

unfit for canine consumption; (b) the Treats contain materials or substances that prevent them from fully digesting; (c) the Treats' package and labeling deceptively represents that they are nutritious, safe, and fit for canine consumption; and (d) the Treats' package and labeling adequately disclosed the significant health risks caused by the Treats' low digestion rate, including, among others, vomiting, stomach obstructions, and death. (Compl. ¶64.)

Sergeant's attempt to identify "individualized factual issues unique to each [c]lass member" is misguided. The gist of Sergeant's argument focuses around individualized inquiries into the injuries sustained by each Class member's dog. (Def. Br. at 5, 6.) ***But this is irrelevant, as Plaintiffs are not suing to recover damages for any such injuries***.[3] To the contrary, the only economic damages sought here are the purchase price of the Treats, which are demonstrably worthless because their low digestion rates renders them unfit for canine consumption. (Compl. ¶¶ 13, 25, 32, 56.).[4]

For this reason, Sergeant's class certification opinions dealing with claims to recover for injuries to pets are inapposite. (*See* Def. Br. at 11-12 (citing *Mahtani v. Wyeth*, 2011 WL 2609857, at *9 (D.N.J. June 30, 2011) (predominance lacking where "only an intensive inquiry into *whether each class member's dog suffered harm and what proximately caused the harm* will prove plaintiffs' theory") (emphasis added); *Gartin v. S & M NuTec LLC*, 245 F.R.D. 429, 436 (C.D. Cal. 2007) (predominance not found where individual inquiries needed to determine whether

---

[3] Sergeant's authority (Def. Br. at 3-4), *Miller v. Janssen Pharm. Prods., L.P.*, is inapposite for two reasons: (1) that case involved personal injury claims; and (2) the court's decision was rendered at class certification, *not* on a motion to strike class allegations. 2007 WL 1295824, at *6 (S.D. Ill. May 1, 2007) (denying class certification where there was no way to identify "all those who used defective patch *and* suffered injury as a result). Indeed, the *Janssen* court previously denied a motion to strike class allegations as premature. *Janssen I*, 2006 WL 488636, at *2.

[4] For the same reasons, Sergeant's contention that there are "different products" at issue is beside the point (Def. Br. at 6), as it focuses on canine injuries that have no bearing on Plaintiffs' claims.

product caused injuries to class members' pets); *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 264 (S.D. Cal. 1988) (same).) Unlike those cases, there are no factors "unique to each individual plaintiff/pet" here that could preclude class certification. But even that is irrelevant, as each of the so-called "similar" cases upon which Sergeant's relies all pertained to motions for class certification, *not* motions to strike. *Mahtani*, 2011 WL 2609857, at *12 (denying motion for class certification); *Gartin*, 245 F.R.D. at 443 (same); *Ikonen*, 122 F.R.D. at 267 (same). Hence, even if those cases were not factually inapposite (they are), they still could not help Sergeant's meet its burden in identifying individualized fact issues that render Plaintiffs' class allegations facially and inherently defective.

Sergeant's also argues that Plaintiffs fail to allege causation—*i.e.* that they relied on Sergeant's fraudulent representations when purchasing the Treats. (Def. Br. at 4.) As a threshold matter, that is false. Plaintiffs allege that they were exposed to those representations at the time of purchase, relied on those statements (*i.e.* warranties), and were deceived by Sergeant's deceptive conduct. (Compl. ¶¶9, 14, 26, 78, 100, 109, 118.) In any event, this attempt to trump-up individualized fact issues with respect to proximate cause flounders under settled law. *See, e.g.*, *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 759 (7th Cir. 2014) (reversing denial of class certification and holding "every consumer fraud case involves individual elements of reliance or causation . . . a rule requiring 100% commonality would eviscerate consumer-fraud class actions"); *Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010) (affirming grant of class certification and holding "[p]roximate cause . . . is necessarily an individual issue and the need for individual proof alone does not necessarily preclude class certification."); *see also In re IKO Roofing Shingle Products Liab. Litig.*, 757 F.3d 599, 603 (7th Cir. 2014) (remanding for reconsideration of class certification despite the existence of potential individualized questions of causation).

Sergeant's also contends that this case will require individualized inquiries into damages, (Def. Br. at 10-11 (arguing remedies are individualized)). Not so. The Complaint alleges that Sergeant's deceptive conduct caused all Class members to sustain injuries in an amount equal to the purchase price of the Treats. (Compl. ¶54.)[5] This is precisely the type of case in which Class members' damages involve a simple mathematical calculation.[6] That is, each Class members' damages is equal to the purchase price of the Treats, multiplied by the number of Treats purchased.

Sergeant's has failed to identify any individualized fact issues arising from the face of the Complaint that can prop up its flagging Motion.

**2. Common Issues Of Law Predominate.**

Sergeant's claims that the Multi-State Consumer Fraud Class and Nationwide Warranty Classes are inappropriate because of the difficulty in applying consumer protection and warranty laws of various class states.[7] (Def. Br. at 7-11.) As demonstrated below, both arguments are unavailing.

---

[5] For this reason, *U.S. Dental Inst. v. Am. Ass'n of Orthodontists* is inapposite. 1977 WL 1442, at *5 (N.D. Ill. 1977). (Def. Br. at 4.) There, the court struck the class allegations because individualized inquiries were required to determine whether any class member had even sustained damages. *Id.* Here, by contrast, every Class member necessarily sustained injury by purchasing a worthless product.

[6] Even if that were not the case (it is), Sergeant's still could not demonstrate that any such individualized inquiries in damages would justify striking the class allegations at this stage of the litigation. *Messner*, 669 F.3d at 815 ("The presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3)."); *Allapattah Servs. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. 2003) ("[N]umerous courts have recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate."), *aff'd*, 545 U.S. 546 (2005); *Heastie v. Cmty. Bank of Greater Peoria*, 125 F.R.D. 669, 675 (N.D. Ill. 1989) (Aspen, J.) (noting that Rule 23(b)(3) predominance may be found in cases where damages have to be determined individually).

[7] Sergeant's also raises argues about multistate products liability actions. (Def. Br. at 7.) Because Plaintiffs have voluntarily dismissed their claim for strict products liability (Count IV), those arguments are moot.

**a. Plaintiffs' ICFA Claim May Be Brought On Behalf Of A Multi-State Class.**

Sergeant's argues that Plaintiffs' Multi-State allegations should be stricken due to "material differences" in the state consumer fraud laws asserted here. (*See* Ds. Mem. at 9-12 (arguing that Multi-State allegations should be stricken due to different standards for causation, reliance, intent, and available relief). These arguments have repeatedly, and recently, been rejected. For example, Judge Leinenweber denied a motion to strike multi-state allegations based on the same argument raised here—differences in various states' consumer protection laws. *Mednick*, 2014 WL 6474915, at *7. In rejecting this argument, Judge Leinenweber held that any variations in state law "if they existed, would not justify striking the class allegations for several reasons." *Id.* at *7.

***First***, Judge Leinenweber explained that "Precor's argument essentially challenges Plaintiffs [sic] ability to satisfy the requirements of Rule 23. Whether a plaintiff has fulfilled Rule 23 class action requirements, however, is not an appropriate inquiry at the motion to dismiss stage." *Id.* (citations and quotations omitted). ***Second***, Judge Leinenweber ruled that "the mere possibility that the presence of class members in other states may require the application of different state laws does not satisfy the facially and inherently deficient standard." *Id.* (citing *Saltzman v. Pella Corp.*, 257 F.RD 471, 480 (N.D. Ill. 2009) (certifying class alleging multi-state consumer fraud claims over defendants' objections)). ***Third***, Judge Leinenweber recognized "'the choice-of-law issues in nationwide class actions . . . are rarely so uncomplicated that one can delineate clear winning and losing arguments at an early stage in the litigation.'" *Id.* (quoting *Mirfasihi v. Fleet Mortgage Corp.*, 450 F.3d 745, 750 (7th Cir. 2006)).

Equally important, Judge Leinenweber easily distinguished many of the same cases that Sergeant's relies on for its premature attempt to strike the multi-state allegations. *See id.* (addressing *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) (cited in Def.

Br. at 7.); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 673 (7th Cir. 2001) (cited in Def. Br. at 7); *In re Gen. Motors Corp. Dex–Cool Products Liab. Litig.*, 241 F.R.D. 305, 308 (S.D. Ill. 2007) (cited in Def. Br. at 7)). Judge Leinenweber held that "none of the cases upon which Precor relies offer any guidance because all dealt with attempts to certify a class," rather than an attempt to strike class allegations on the pleadings. *Id.*[8]

In any event, after discovery is allowed to proceed and the parties develop a record on class certification, the Court may reach the same conclusion as other courts, including those sitting in this District, that have *certified* claims under the ICFA (and materially similar state laws) on behalf of multi-state classes. *See, e.g.*, *Saltzman*, 257 F.R.D. at 487 (granting motion for certification in class action involving multi-state consumer fraud allegations). Similarly, in *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.*, an Illinois plaintiff filed a multi-state class action against the defendant for collecting municipal taxes from customers located in unincorporated areas. 803 N.E.2d 1020 (Ill. App. Ct. 2004). The plaintiff alleged the defendant violated the ICFA and "similar acts of the other states in which defendant did business." *Id.* at 1024. The defendant argued that because the class action implicated the tax ordinances of over 1,000 local governments and the laws of 17 states, the individual legal issues predominated. *Id.* at 1030. Rejecting that argument *at the certification stage*, the trial court determined—and the appellate court agreed—

[8] The same reasoning holds true with the other class certification decisions cited in Sergeant's Motion. (Def. Br. at 7.) *See Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1304 (7th Cir. 1995) (reversing order granting class certification); *Phillips v. Sears Roebuck & Co.*, 2008 WL 2003186, at *6 (S.D. Ill. May 8, 2008) (denying motion to certify settlement class). Sergeant's reliance on *In re Mexico Money Transfer Litig.*, is puzzling, as the Seventh Circuit's decision in that case *affirmed* an order approving of a settlement class. 267 F.3d 743, 749 (7th Cir. 2001).

"that some class members reside outside Illinois or that the laws of different states may apply to the transactions at issue does not ordinarily prevent certification of the class." *Id.*[9]

Lest there be any doubt, the material "differences" in the various consumer fraud statutes asserted by Sergeant's provide zero basis for striking the class allegations. For instance, although Sergeant's argues that some of the consumer fraud statutes at issue have different statutes of limitations (Def. Br. at 8), courts have roundly rejected Sergeant's argument at the class certification stage. *E.g., Saltzman,* 257 F.R.D. at 486 ("Due to the predominance of other issues, *differences in applicable statutes of limitations* do not bar class certification under Rule 23.") (emphasis added); *Sparano v. Southland Corp.*, 1996 WL 681273, at *4 (N.D. Ill. Nov. 21, 1996) ("[T]he presence of unresolved individual issues of compliance with the statute of limitations does not prevent class actions from proceeding."); *see also In re Linerboard Antitrust Litig.*, 305 F.3d 145, 163 (3d Cir. 2002) (noting that "[m]any courts faced with similar circumstances have certified class status with the expectation that individual questions concerning" statutes of limitation "can be resolved at a later damages phase").

Sergeant's also notes that New Jersey's consumer fraud statute requires the imposition of treble damages and attorneys' fees, whereas Illinois does not. (Def. Br. at 8.) Wrong. Despite that both forms of relief are discretionary, ICFA clearly allows for the recovery of both attorneys' fees and exemplary damages. *See* 810 ILCS 505/10a(c) (recovery of attorneys' fees); *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011) (punitive damages are available under ICFA). Sergeant's remaining arguments are even more tenuous. Contrary to Sergeant's assertions, New Jersey's consumer fraud statute and ICFA *both* require plaintiffs to demonstrate: (1) actual (*i.e.*

[9] *See also Clark v. TAP Pharmaceutical Products, Inc.*, 798 N.E. 2d 123, 129 (Ill. App. Ct. 2003) (holding that class actions are maintainable where "claims of non-Illinois class members are governed by varying consumer fraud laws").

ascertainable) loss; and (2) that the defendant's deceptive conduct was the proximate cause of that loss. *See Perez v. Professionally Green, LLC*, 73 A.3d 452, 460, 464 (N. J. 2013) (New Jersey's consumer fraud statute requires ascertainable loss, and proof that defendant's conduct caused the loss); *Muir v. Playtex Products, LLC*, 983 F. Supp. 2d 980, 990-91 (N.D. Ill. 2013) (plaintiff successfully pled actual loss and causal connection between defendant's conduct and the loss, as required by ICFA). And while Sergeant's insists otherwise (Def. Br. at 8 n.4), Minnesota's Private Attorney General Statute allows consumers to bring private causes of actions for violations of consumer protection statutes such as the Minnesota False Advertising Act ("FAA"), Minn. Stat. §325.F67—the statute at issue here. *See* Minn. Stat. § 8.31 (private attorney general statute expressly authorizes private cause of action for violation of FAA); *accord, In re Levaquin Products Liab. Litig.*, 752 F. Supp. 2d 1071, 1076 (D. Minn. 2010).

Sergeant's cannot avoid Plaintiffs' multi-state allegations at this stage in the litigation by arguing that "differences" in the ten consumer fraud statutes here foreclose any chance of establishing predominance. Because those arguments have received (at best) mixed results at class certification, they provide no basis for striking Plaintiffs' multi-state allegations on the pleadings.

**b. Claims For Breach Of Express And Implied Warranties Are Appropriate For Nationwide Class Allegations.**

Sergeant's argues that a nationwide warranty class could never be certified. (Def. Br. at 9.) Courts have elected not to certify warranty claims brought on behalf of a nationwide class under certain circumstances, but again, at the *class certification stage*—not on a motion to strike.[10] The dispositive question is whether the factual and legal differences among the class members will

[10] This is adequately demonstrated by the cases cited by Sergeant's, which were decided at the class certification stage. *E.g., Cole v. Gen. Motors Corp.*, 484 F.3d 717, 730 (5th Cir. 2007) (reversing grant of class certification); *Walsh v. Ford Motor Co.*, 130 F.R.D. 260, 277 (D.D.C. 1990) (denying motion for class certification).

make a nationwide class or group of subclasses unmanageable, which is a case-specific determination that the court makes after such differences are sufficiently developed through the process of discovery and legal argument. *See Purcell and Wardrope Chartered v. Hertz Corp.*, 530 N.E 2d 994, 998 (Ill. App. Ct. 1988). As the court aptly noted in *Purcell*:

> [E]ven questions…concerning whether the laws of different states apply to the various transactions will not ordinarily prevent the certification of a class action proceeding. A class action may, nevertheless, still be maintained, despite these conflicting or differing state laws, and the court may simply choose to divide the class into subclasses.

*Id.* (internal citations omitted). A mere variation in state law cannot overcome certification of a multi-state class if the facts make clear that the variation is immaterial. *See e.g. In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1109 (C.D. Cal. 2012) (allowing plaintiffs to proceed with express warranty claims on behalf of multi-state class, as plaintiffs adequately alleged element of reliance irrespective of any differences among the states with regard to that element). Whether the variation is immaterial, in turn, is a case-specific determination dependent upon the particular facts at issue. *Id.* at 1105 ("to the extent the statutes are not uniform, [the defendant] is free to raise individual deficiencies in specific state claims).

Significantly, Sergeant's cites only one case—*Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009)—granting a motion to strike class allegations asserting nationwide warranty claims. (Def. Br. at 10.) But Sergeant's cannot demonstrate this case stands for the proposition that warranty claims are inappropriate for a nationwide class *as a matter of law*.[11] To the contrary,

[11] Sergeant's misinterprets *Szabo* in support of its contention that warranty claims are not suitable for a multi-state class. (Def. Br. at 7.) *Szabo* merely denied a motion for class certification because the warranty statements at issue were made not by the defendant itself but by numerous, geographically-dispersed dealers, making it "unlikely that dealers in different parts of the country said the same things to hundreds of different buyers." 249 F.3d at 677. Not so here, where the warranties, as well as the misrepresentations, all emanated from Sergeant's itself.

courts *have* certified nationwide classes asserting warranty claims. *See, e.g., Garner v. Healy*, 184 F.R.D. 598, 599 (N.D. Ill. 1999) (certifying nationwide class asserting claim for, among others, breach of express warranty); *Gordon v. Boden*, 586 N.E.2d 461, 466 (Ill. App. Ct. 1991) (affirming certification of nationwide claims for breach of express and implied warranties, and rejecting defendant's argument that "the common question is governed by the substantive law of possibly 50 states and does not predominate") (citing *Purcell*, 530 N.E.2d at 998); *Gen. Motors Corp. v. Bryant*, 285 S.W.3d 634, 639 (Ark. 2008) (affirming certification of nationwide warranty class).

To the extent Sergeant's contends the warranty claims at issue here are not suitable for a multi-state class, Sergeant's will have ample opportunity to defend its position at a more appropriate stage in the proceedings. *See Purcell*, 530 N.E.2d at 998. As it stands, the factual and legal issues have not been sufficiently developed to make a determination as to whether any supposed differences in state law will render a multi-state class unmanageable. *See, id*. at 998.

In the alternative, Plaintiffs' claims for breach of express and implied warranties should be maintained on behalf of a sub-class of states with similar warranty laws, to be determined at the class certification stage.[12]

**3. The Class Definition Satisfies Ascertainability.**

Sergeant's argues that ascertainability cannot be satisfied here because the Class consists of all those who purchased the Treats, without regards to whether they sustained injury. (Def. Br. at 12-13.) That is not the test. As the Seventh Circuit held recently held in *Mullins v. Direct Digital*,

[12] Differences in state warranty law do not preclude certification of a subclass of states with similar warranty requirements. *See Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 498 (C.D. Cal. 2012) (certifying four state law subclass asserting warranty claims)*; Joseph v. Gen. Motors Corp.*, 109 F.R.D. 635, 642 (D. Colo. 1986) (certifying class of Colorado purchases asserting various warranty claims, and holding that individual causation, reliance, and damages issues can be resolved in separate proceedings); *Bussian v. DaimlerChrylser Corp.*, 2007 WL 1752059, at *9 (M.D.N.C. June 18, 2007) (certifying North Carolina class).

*LLC*, ascertainability simply requires that the class is "defined clearly" and "based on objective criteria." 795 F.3d 657 (7th Cir. 2015).

Plaintiffs seek to recover the purchase price of the Treats, which are demonstrably worthless due to the significant risk of injury they pose. (Compl. ¶56.) By purchasing a worthless product, each Class sustained damages by failing to receive the benefit of their bargain. *Muir*, 983 F. Supp. 2d at 990 (actual loss occurs where seller's deception deprives plaintiff of the benefit of her bargain) (citations omitted); *accord, Aliano v. WhistlePig, LLC*, 2015 WL 2399354, at *3 (N.D. Ill. May 18, 2015); *see also Dewan v. Ford Motor Co.*, 842 N.E.2d 756, 760 (Ill. App. Ct. 2005) (collecting cases and holding "[t]he diminished value of a product due to defects associated with the product is a compensable injury in consumer fraud and breach of warranty causes of action."). Here, the Class consists of all consumers who purchased the Treats. This definition is based solely on objective criteria.

**4. Plaintiffs' B(2) Allegations Should Not Be Stricken.**

Sergeant's argues that the 23(b)(2) allegations are improper because the focus of Plaintiffs' claims is "clearly" monetary damages, and the request for injunctive relief is merely "ancillary." (Def. Br. at 14.) That is false. Although Plaintiffs do seek to recover monetary damages based upon their purchase of the Treats (Compl. ¶56), Plaintiffs also seek an injunction "requiring Sergeant's to cease selling the Treats and to recall any of the product currently in distribution." (Compl. ¶¶106, 116, 125.) Because Plaintiffs seek a nationwide recall and an order requiring Sergeant's to cease selling this dangerous product, Sergeant's cannot plausibly contend that monetary relief is "clearly the focus of [Plaintiffs'] claims."[13]

[13] Sergeant's also argues that individualized fact inquiries with respect to each class member will preclude Plaintiffs from establishing the cohesion requirement of Rule 23(b)(2). (Def. Br. at 14, 14 n.14 (collecting cases in which (b)(2) certification was denied because individualized

Most importantly, Sergeant's request to strike the (b)(2) allegations is clearly premature. Even if this court finds that the request for monetary relief is not incidental to the claim for injunctive relief, it is not limited to certifying the entire proceeding under Rule 23(b)(3). *Lemon v. Int'l Union of Operating Engineers, Local No. 139, AFL-CIO*, 216 F.3d 577, 581 (7th Cir. 2000) (citing *Jefferson v. Ingersoll International Inc.*, 195 F.3d 894, 899 (7th Cir.1999)). To the contrary, the court would still have two other options. One would be divided certification, which would allow the Court to "certify a Rule 23(b)(2) class for the portion of the case addressing equitable relief and a Rule 23(b)(3) class for the portion of the case addressing damages." *Lemon*, 216 F.3d at 581 (citing *Jefferson*, 195 F.3d at 898-99; *Williams v. Burlington N., Inc.*, 832 F.2d 100, 103 (7th Cir. 1987)). The court could also "certify the class under Rule 23(b)(2) for both monetary and equitable remedies but exercise its plenary authority under Rules 23(d)(2) and 23(d)(5) to provide all class members with personal notice and opportunity to opt out, as though the class was certified under Rule 23(b)(3)." *Lemon*, 216 F.3d at 582 (citing *Jefferson*, 195 F.3d at 898). Having failed to address any of these options in its Motion, Sergeant cannot satisfy the "facially defective" standard needed to prevail on its Motion.

## III. <u>CONCLUSION</u>

For the foregoing reasons, this Court should deny Sergeant's Motion in its entirety.

Dated: October 23, 2015 Respectfully submitted,

By: *s/ Joseph J. Siprut*

---

fact inquiries were needed to establish the defendant's liability to each class member).) But as explained in Section III.A, *supra*, the fact issues here all revolve around Sergeant's deceptive conduct in manufacturing, marketing, and selling the Treats. Thus, this case presents no individualized fact inquiries that could preclude (b)(2) certification.

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiffs' Response In Opposition To Defendant's Motion To Strike Plaintiffs' Class Allegations** was filed this 23rd day of October 2015 via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

*s/ Joseph J. Siprut*
Joseph J. Siprut