**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RYAN BIETSCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 15-cv-05432 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| SERGEANT'S PET CARE PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT**
**OF MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS**

Dog owners are not shy when it comes to reporting injuries to their dogs. If a dog treat hurts a dog, the owner likely reaches out to voice his or her concern, sometimes seeking compensation for vet bills. From 2011 to 2014, Sergeant's sold nearly 9.6 million Pur Luv treats. During these four years, approximately 706 dog owners reported adverse events involving Pur Luv treats. An adverse event includes any unexpected experience or occurrence associated with the treat after it was consumed. This means that over 99.99% of dogs who ate a Pur Luv treat had no ill effects.[1] The treats cannot credibly be called "worthless" to these dogs or their owners. Despite this, plaintiffs have concocted a purported consumer fraud class action because Sergeant labeled the treats as "wholesome" and "nutritious." But where, as it is here, it is obvious from the face of the Complaint that the proposed classes are inappropriate as a matter of law, the Court should strike the class allegations in the Complaint.

[1] Based on 9,582,961 treats sold, 706 adverse events amounts to .0000737, or seven one-thousandths of one percent.

## ARGUMENT

### I. Despite Plaintiffs' consistent theme that discovery is needed here, this is exactly the type a case where Plaintiffs' class allegations may be stricken at the pleadings stage.

It is inefficient to engage in full class discovery where it is clear from the pleadings that a class cannot be certified. *See* Memorandum in Support of Motion to Strike (Doc. No. 22) ("Memorandum"), p. 3; *see also Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013) (Feinerman, J.) (striking an Illinois Consumer Fraud Act class claim, stating "the court may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23."); *In re Yasmin and Yaz (Drospirenone) Marketing*, 275 F.R.D. 270 (S.D. Ill. 2011) (Drug manufacturers' motion to strike putative class products liability action was not premature; no amount of time or discovery could cure deficiencies identified by manufacturer, stating "[e]stablishing the requisite elements of product liability claims sounding in … warranty, and/or fraud generally requires fact intensive inquiries unique to each plaintiff (such as questions related to causation, injury, affirmative defenses, and damages). Accordingly, mass product liability suits are rarely sustainable as class actions.")

Plaintiffs concede that courts should evaluate a motion to strike under Fed R. Civ. P. 23, but then claim a motion to strike is premature because "the dispute concerning class certification is factual in nature," requiring discovery. (Plaintiffs' Response in Opposition to Defendant's Motion to Strike Plaintiffs' Class Allegations ("Response"), p. 2). Plaintiffs then cite two Seventh Circuit cases that hold courts may abuse their discretion by not allowing discovery before deciding to whether to certify a class. *Id*. But, plaintiffs' argument is circular. On one hand, they concede the Court can strike class allegations now, but on the other hand, they argue that courts may abuse their discretion by doing so.

The Seventh Circuit cases cited by plaintiffs do not tell the entire story either. In *Demasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011), the plaintiffs failed to acknowledge the entirety of the Seventh Circuit's language regarding courts abusing their discretion: "Although discovery may in some cases be unnecessary to resolve class issues, see 3 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 7.8, at 25 (4th ed. 2002), in other cases a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class." And in *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012), the language quoted by plaintiffs is simply boilerplate stating that courts may not simply assume the truth of the matters as asserted by the plaintiff when addressing issues affecting class certification. The language had nothing to do with the holding of the case. Moreover, the class certification issues here, unlike *Messner*, would not turn on material factual disputes.

And *Mullins v. Direct Digital, LLC*, 2014 WL 5461903 (N.D. Ill., Sept. 30, 2014) is distinguishable. The plaintiff in *Mullins* brought a claim under the ICFA and similar consumer protection laws alleging that the defendant fraudulently stated that its product, Instaflex Joint Support, had health benefits when it was "actually nothing more than a sugar pill placebo." *Id*. at *1. The defendant made claims such as "Relieve Discomfort," "Improve Flexibility, "Increase Mobility," "Scientifically formulated," and "clinically tested" on each label. *Id*. All these statements were either true or not and can be tested. But here, plaintiffs merely allege that Sergeant's Pur Luv treats are marketed as "nutritious" and "wholesome." (Complaint, ¶¶ 1, 38, 40, 101, 110, 119). *Mullins* is a false advertising case where the issue was the truth or falsity of the statements on the label, rather than the use of puffery, such as "nutritious" and "wholesome."

Plaintiffs are trying to hang liability on Sergeant's for using statements that cannot be proven true or false.

Similarly, all the other cases cited by plaintiffs are distinguishable.

- In *Machowicz v. Kaspersky Lab, Inc*. 2014 WL 4683258, at *5 (N.D. Ill. Sept. 19, 2014), the plaintiff demonstrated various scenarios where class certification was possible. And it was alleged that everyone who purchased defendant's software was damaged because they all had to pay to delete a computer virus created by defendant. *Id*. at *5. That is not the case here.
- *Toney v. Quality Res., Inc*., 2014 WL 6757978, at *7 (N.D. Ill. Dec. 1, 2014), did not involve a motion to strike class allegations, but rather a motion to dismiss the class allegations based on conclusory pleadings and a lack of "plausibility."
- *Mednick v. Precor*, 2014 WL 6474915 (N.D. Ill. Nov. 13, 2014) is distinguishable for a number of reasons discussed in detail at p. 10, *infra*.
- *Birchmeier v. Caribbean Cruise Line, Inc*., 2012 WL 7062748 (N.D. Ill. Dec. 28, 2012) only included a two-sentence discussion of the motion to strike and is not persuasive.
- *Boatright v. Walgreen Co*., 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011) is distinguishable because the defendant attempted rely on Rule 23(d)(1)(D) as a basis for striking class allegations. *Id*. at *1. In denying the motion to strike, the court analyzed to the flaws of this approach without offering meaningful insight into the issues relevant here. *Id*. at *2.
- *Power v. GMAC Mortg. Corp*., 2007 WL 723509 (N.D. Ill. Mar. 7, 2007) includes no meaningful analysis of the relevant issue and therefore is not persuasive.

- *Worix v. MedAssets, Inc*., 869 F. Supp. 2d 893 (N.D. Ill. 2012) did not involve a motion to strike class allegations, but rather a motion to dismiss that addressed the class issues with minimal analysis.
- *Miller v. Janssen Pharmaceutical Prods., L.P*., 2006 WL 488636 (S.D. Ill. Feb. 28, 2006) did not engage in any detailed analysis. The court deferred a certification determination w*here the parties had already agreed to a certification briefing schedule*. *Id*. at *1. Moreover, the court agreed in principle with the defendant on the class certification challenge and eventually denied certification the next year. *Id*; 2007 WL 1295824, at *7-8 & n.3 (S.D. Ill. May 1, 2007).

These cases do not establish that this Court should not dispose of plaintiffs' class allegations at this time.

## II. Questions of fact do not predominate because each class member has to show injury and causation, facts that are individualized.

As mentioned above, the reported adverse events related to the Pur Luv treats are extremely rare .007%. *See* Declaration of Krystal Sautter in Support of Sergeant's Motion To Strike, attached as Exhibit A. Plaintiffs argue that questions of fact predominate because the Court should concentrate on issues relating Sergeant's conduct, such as whether the treats dissolve appropriately, the packaging and labeling deceptively represents they are nutritious and wholesome, and the packaging and labeling adequately discloses the health risks, rather than focusing on individualized inquiries into the injuries sustained by each class member's dog. (Response, p. 4-5). But this case is no different from personal injury or products liability class actions where certification attempts are routinely rejected.

To overcome the fact that more than 99.99% of the dogs who ate a Pur Luv treat were not injured and the putative class in fact received the benefit of the bargain, plaintiffs claim they are

not suing to recover damages for the injuries sustained by each class member's dog, but for the purchase price of the treats, because plaintiffs allege, the treats are worthless. (Response, p. 5). Plaintiffs argue all the opinions Sergeant cited denying class certification for claims to recover for injuries to pets, therefore, are inapposite. Sergeant disagrees.

That plaintiffs seek a return of the purchase price for every person who has purchased a Pur Luv treat shows that individualized questions predominate. The only way the treats have zero value (are "worthless") is if they harmed an owner's dog, which is an individual issue requiring individual proof. Before knowing whether a treat was worthless to any particular dog owner, the Court will be required to make an individual inquiry into whether his dog was injured such that he suffered an "injury in fact." "[W]here individual inquiry must be made of each class member to determine, *ab initio*, the requisite injury in fact, then common questions no longer predominate." *Dafforn v. Rousseau Associates, Inc*., 1976 U.S. Dist. LEXIS 13910, *8 (N.D. Ind., July 27, 1976).

*In re Rezulin Products Liability Litig*., 210 F.R.D. 61 (S.D.N.Y. 2002) is instructive. Plaintiffs sued the maker of Rezulin, alleging the drug presented risks of complications that its maker had not adequately disclosed. *Id*. at 62. The issue was whether the court should have certified a class of all persons who ingested Rezulin and a subclass of asymptomatic Rezulin users who had not manifested physical injury. *Id*. The proposed class sought (among other things) restitution of the revenues defendants realized from the sale of Rezulin based on the theory that had the risks been disclosed, people would not have bought the drug. *Id.* at 62, 64. But, as is the case here, only *some* class members alleged that they were injured by Rezulin, and their alleged injuries varied, with some claiming heart and others claiming liver injury. *Id*. at 66. Others made wrongful death claims, but most of the putative class members suffered no physical

injury. *Id*. Indeed, many class members, and their physicians, found Rezulin to be an extremely effective drug. *Id*.

The court found that "class members who alleged a physical injury, were a class certified, would have to prove that Rezulin caused that injury. As one court noted, '[a]n assessment of specific causation...necessarily dissolves into a myriad of individualized causation inquiries.'" *Id*. The *Rezulin* court noted that the issue whether the drug caused physical injury to a specific class member "depend[s] on his or her unique characteristics such as family and medical background, preexisting medical conditions, age, gender, life style, drug or alcohol use, quantity of Rezulin ingested, duration of course of treatment, whether it was used as an initial therapy and whether Rezulin was used alone or in conjunction with other drugs." *Id*. at 66-67.

While the court acknowledged "some common questions concerning the characteristics of Rezulin" it found that individual questions, particularly but not limited to causation and reliance, overwhelm those common issues." *Id*. at 68. The *Rezulin* plaintiffs sought, as to those here, "to circumvent this straightforward conclusion by focusing on their prayer for 'restitution' of the purchase price and other supposedly equitable relief, thus supposedly avoiding individual determinations of damages." *Id*. The *Rezulin* court called that "a snare and delusion." *Id*. The court could not properly presume "that Rezulin was worthless," because many "patients presumably got their money's worth and suffered no economic injury. And the question whether an individual class member got his or her money's worth is inherently individual. Indeed, it involves very much the same questions as would a claim for money damages for personal injury." *Id*. at 68-69. Finally, the court also noted that "the demand for restitution, or

'disgorgement,' of the purchase price solves nothing. Individual issues would predominate on a restitution claim even in the absence of any claims for compensatory damages." *Id*. at 69.[2]

Finally, plaintiffs cite three Seventh Circuit cases for the proposition that Sergeant's is attempting to trump up individual fact issues with respect to proximate cause. Response, p. 6 (citing *Suchanek v. Sturm Foods, Inc*., 763 F.3d 750 (7th Cir. 2014); *Pella Corp. v. Saltzman*, 606 F.3d 391 (7th Cir. 2010); *In re IKO Roofing Shingle Products Liab. Litig*., 757 F.3d 599 (7th Cir. 2014). But those cases merely held that it was error to apply a rigid rule that "individual issues necessarily predominate in cases requiring individual subjective inquiries into causality." *Suchanek*, 764 F.3d at 759; *see also Saltzman*, 606 F.3d at 393 ("While consumer fraud class actions present problems that courts must carefully consider before granting certification, there is not and should not be a rule that they never can be certified.").

A recent case from this Court distinguished *Suchanek* based on the causation issue, which created predominant individual issues. *See Langendorf v. Skinnygirl Cocktails, LLC*, 306 F.R.D. 574 (N.D. Ill. 2014). In *Langendorf*, the plaintiff argued it did not matter why each class member bought the product, because "the simple fact is that Plaintiff and the Class did not get what they paid for." *Id*. at 582. The court held, however, that "'what they paid for' is precisely the question, and it is an individual one." *Id*.

Further, the court in *Langendorf, id*. at 584, agreed with analysis conducted by Judge Feinerman, who also denied class certification in a similar case, *Lipton v. Chatlem*, 289 F.R.D. 456, 462 (N.D. Ill. 2013); In *Lipton*, the class members were allegedly deceived by Chatlem's

[2] *See also Williams v. Purdue Pharma Co*., 297 F. Supp. 2d 171, 172-76 (D.D.C. 2003) (dismissing class action complaint where plaintiffs who suffered no ill effects of drug had no basis to recover purchase cost because they received benefit of bargain); *In re Vioxx Prods. Liab. Litig*., 874 F. Supp. 2d 599, 606 (E.D. La. 2012) ("[t]here is no obvious, quantifiable pecuniary loss that Plaintiff incurred from purchasing a drug that worked for him and did not cause him any harm."

labeling of Dexatrim, which labeling did not adequately disclose hexavalent chromium as an ingredient:

> The proposed class includes individuals who: (1) were unaware of the presence of hexavalent chromium in Dexatrim and who would not have purchased the product had they been so aware; (2) were unaware of the presence of hexavalent chromium but may have still purchased the product had they been so aware; and (3) were aware of the presence of hexavalent chromium and purchased the product anyway. These differences among the proposed class require that the key liability issues—whether a given class member was deceived by Chatlem's labeling of Dexatrim and whether she suffered damages as a result—can be resolved only on an individual basis. Certification under Rule 23(b)(3) is not appropriate for resolving such highly individualized questions of fact.

As in *Rezulin, Langendorg* and *Lipton*, the issues of what each person saw or knew, what decisions she made and why, and whether each dog suffered injury, are the factual issues that predominate here. For these reasons, no class can be certified, and the class allegations should be stricken from the Complaint.

## III. Individual issues of law also predominate.

Further, plaintiffs have not demonstrated how discovery helps them here other than argue it is premature to strike class allegations. *See e.g. Durocher v. National Collegiate Athletic Association*, 2015 WL 1505675 (S.D. Ind. March 31, 2015) ("Plaintiffs have not explained how discovery might enlighten the pursuit of class treatment or what discovery they would seek. In short, '[P]laintiffs do not explain how discovery could make a difference to the issue of certification.'" *Id*. (citations omitted)).

### A. Plaintiffs' ICFA claim may not be brought on behalf of a multi-state class.

As the Seventh Circuit recognizes, "[s]tate consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules." *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1018 (7th Cir. 2002) (*citing BMW of N.A., Inc. v. Gore*, 517 U.S. 559, 568-73 (1996)). Plaintiffs

claim that "[t]hese arguments have repeatedly, and recently, been rejected," citing *Mednick v. Precor*, 2014 WL 6474915 at *7. But in *Mednick*, Judge Leinenweber simply brushed aside Seventh Circuit precedent because the cases cited by the defendant in that action dealt with attempts to certify a multi-state consumer fraud class, not attempts to strike class allegations. *Id.* at *7. But as mentioned above, the same standards apply under Rule 23, and plaintiffs have not disclosed *what* discovery is supposedly needed to decide whether to certify a class.

Also, in *Mednick*, the court focused on the speculative nature of the need to certify a multi-state class that implicated differing standards, noting that "[p]laintiffs dispute whether the Court would actually need to apply state laws that differ materially in ways relevant to the claims in this case." *Id.* at *7. But that is exactly what plaintiffs are asking this Court to do here. Plaintiffs have pled a separate cause of action under the laws of ten states. Plaintiffs pled an ICFA claim in Count VI, but plead an independent cause of action under ten different state statutes in Count V. Plaintiffs have clearly alleged that the laws of other states will apply. Those state laws differ materially in ways relevant to the claims at issue.

Plaintiffs next ask the Court to allow discovery to proceed to develop a record on class certification, citing *Saltzman v. Pella Corp.*, 257 F.R.D. 471 (N.D. Ill. 2009) and *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.*, 803 N.E.2d 1010 (Ill. App. Ct. 2004). As noted, nowhere do plaintiffs say what discovery is supposed to reveal that would overcome state-by-state differences with respect to warranty laws. And in *Saltzman*, 257 F.R.D. at 479, *affirmed* 606 F.3d 391 (7th Cir. 2010), the court did not grant full certification. While the court certified subclasses for common issues of liability under state consumer fraud statutes, it *declined* to certify a class on the issues of causation and damages under those same statutes. 257 F.R.D. at 479; *see also* 606 F.3d at 393. ("The district court explicitly declined to certify issues related to

causation, damages, and statute of limitations."). Here, as in *Saltzman*, a variety of individualized issues exist that prevent certification based on liability in this case.

And *P.J.'s Concrete*, 803 N.E.2d 1020, is an Illinois state court case not decided under Rule 23. While the court rejected defendant's argument in that case "that because the class action implicated tax ordinances of over 1,000 local governments and the laws of 17 states, the individual legal issues predominated," it did so because the ordinances did "not directly affect the substantive claims." *Id*. at 1030. But here, the state laws *would be* the basis for substantive claims.

There are in fact different standards for available relief under the ten states' laws on which plaintiffs rely. For example, plaintiffs seek punitive damages in Count V for the consumer fraud multistate class. But punitive damages are not available Florida, Michigan, and Minnesota. *See* Fla. Stat. § 501.211; M.C.L. § 445.911(1), (2); Minn. Stat. § 8.31. And even among those that allow for punitive damages, different standards apply. For example, states differ on the degree of wrongful conduct required to enhance damages, whether to treble actual damages, and whether enhanced damages are discretionary or mandatory. *See* 815 ILCS § 505/10a; Mass. Gen. Laws Ann. Ch. 93A, §5; 7 Mo. Rev. Stat. § 407.025(1); N.J. Stat. Ann. § 56:8-19; N.Y. Gen. Bus. Law § 349(h); Wash. Rev. Code § 19.86.090. *See In re HP Inkjet Printer Litig*., 2008 U.S. Dist. LEXIS 56979, *21 (N.D. Cal. July 25, 2008) (variances in "calculation of damages" under state consumer fraud laws require denial of multi-state class).

The requirements for showing proximate cause vary from state to state as well. *See, e.g.*, *Mulligan v. QVC, Inc*., 888 N.E.2d 1190, 1199 (Ill. App. Ct. 2008) (requiring causation in fact or "but-for" cause of injury); *Fink v. Ricoh Corp*., 839 A.2d 942, 976-77 (N.J. Super. Ct. Law Div. 2003) ("but-for" causation required unless there were "concurrent causes" of alleged harm, in

which case plaintiff must prove deceptive act was a "substantial factor" in causing damage); *Pelman v. McDonald's Corp*., 237 F. Supp. 2d 512, 537-38 (S.D.N.Y. 2003) (plaintiff must prove that defendant's conduct was "substantial cause in bringing about the harm"). Courts have held that it is "impossible" to apply these sorts of multiple standards. *See Carnegie v. Household Int'l, Inc*., 220 F.R.D. 542, 549 (N.D. Ill. 2003) (it is "impossible for one jury to take into account the nuances" of applicable standards of multiple states).

Next, different states have different standards for showing reliance. Under Illinois law actual reliance is not required. *Connick v. Suzuki*, 174 Ill. 2d 482, 501 (1996). But in California, the class representative must demonstrate that he actually relied on the allegedly deceptive or misleading statements. *See In re Tobacco II Cases*, 207 P.3d 20, 26 (Cal. 2009). In Florida and Michigan, although it is not necessary for a plaintiff to establish actual reliance, he must show that "a reasonable person would have relied on the representations." *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 703 (Fla. Dist. Ct. App. 3d Dist. 2000); *see also Dix v. American Bankers Life Assurance Co*., 415 N.W.2d 206, 209 (Mich. 1987) (same). And in Massachusetts, reliance may be necessary, if the plaintiff is unable to prove actual reliance. *See Aspinall v. Phillip Morris Co*., 813 N.E.2d 476, 486 (Mass. 2004). These differences show that common legal issues do not predominate.

**B. Warranty claims are not appropriate for nationwide class allegations.**

Plaintiffs do not seriously argue that multi-state putative products liability or warranty classes satisfy Rule 23(b)(3). *E.g., In re Bridgestone/Firestone,* 288 F.3d at 1015, 1018-19; *Szabo*, 249 F.3d 672, 674 (7th Cir. 2001); *Miller v. Janssen Pharmaceutical Prods., L.P.*, 2007 WL 1295824, at *7-8 & n.3 (S.D. Ill. May 1, 2007). Nor do they seriously deny that the laws of the 50 states and the District of Columbia regarding warranty claims vary substantially. *See Cole v. Gen. Motors Corp.*, 484 F.3d 717, 730 (5th Cir. 2007). Plaintiffs only argue that it is

"premature" to reach that conclusion at this stage in the litigation and that a state court case holds that a nationwide warranty claim may properly be certified. *See* Response, p. 11-12, citing *Purcell and Wardrope Chartered v. Hertz Corp.*, 530 N.E. 2d 994, 998 (Ill. App. Ct. 1988). But *Purcell* dealt with a nationwide class to recover security deposits and accrued interest earned on security deposits during the term of an automobile lease and the claims were not based on a products liability claim or for breach of express or implied warranties. *Id*. at 994. And plaintiffs do not deny that warranty claims all require individual inquiries of each class member with respect to the materiality of the statements and whether the members saw the statements.

Plaintiffs also claim that "[a] mere variation in state law cannot overcome certification of a multi-state class if the facts make clear that the variation is immaterial," *citing In re ConAgra Foods, Inc.*, 908 F. Supp. 2d 1090, 1109 (C.D. Cal. 2012). First, in *ConAgra*, the plaintiffs did not seek a nationwide express warranty class, but only sought certification for plaintiffs in certain states. *Id*. at 1105. Second, this California district court case holding was based on a motion to dismiss, not motion to strike. *Id*. at 1090.

Plaintiffs cite to three cases for the proposition that "courts have certified nationwide classes asserting warranty claims." (*See* Response, p. 13, citing *Garner v. Healy*, 184 F.R.D. 598, 599 (N.D. Ill. 1999); *Gordon v. Boden*, 586 N.E.2d 461, 466 (Ill. App. Ct. 1991); *Gen. Motors Corp. v. Bryant*, 285 S.W.3d 634, 639 (Ark. 2008). But in *Garner*, it appears that the plaintiffs' express warranty claims were only brought in Illinois, Connecticut and Ohio rather than a nationwide class. *Garner*, 184 F.R.D. at 603. ("Plaintiffs insist that the Court need not consider the law of 50 states because – as previously discussed—there will be, at most, only three sub-classes required to cover the states where Defendants allegedly conducted their operations.") The other two state court cases were decided on different facts and are not binding here.

**IV. The proposed class is overbroad because it includes millions of people who suffered no harm.**

Plaintiffs argue that each class member sustained damages because he or she did not receive the benefit of his bargain, and the class definition is based on objective criteria so the class can easily be ascertained, *citing Muir v. Playtex Products, LLC*, 983 F.Supp. 2d 980, 990 (N.D. Ill. 2013), *Alliano v. WhistlePig, LLC*, 2015 WL 2399354, at *3 (N.D. Ill. May 18, 2015), and *Dewan v. Ford Motor Co*., 842 N.E.2d 756, 760 (Ill. App. Ct. 2005). These cases stand only for the proposition that Illinois courts have generally allowed damages claims based on the diminished value of a product "regardless of whether it has yet malfunctioned, provided the product contains a manifested defect or current condition affecting value." *Muir*, 983 F.Supp. 2d at 990. But here where more than 99.99% of the treats sold generated no complaints, there is no defect or condition affecting the value of the treat. And in *Muir* and *Alliano* there were statements made on the packaging that could be proved true or false. That is not the case here.

A proposed class that includes class members who have not suffered harm cannot be certified. *See, e.g., Oshana* v. *Coca-Cola Bottling Co.*, 225 F.R.D. 575, 580 (N.D. Ill. 2005) (denying certification of proposed class of all fountain Diet Coke purchasers in Illinois in part because the proposed class would necessarily include millions of persons who could not show damage). *See also Hovsepian v. Apple, Inc.*, No. 08-5788, 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (finding proposed class not ascertainable "because it includes class members who have not experienced any problems with their iMac display screens. *Such members have no injury and no standing to sue*." (emphasis added). Here, only a miniscule fraction of dogs may have been injured. Accordingly, the plaintiffs' class allegations should be stricken from the Complaint as hopelessly overbroad.

**V. Because Plaintiff seeks primarily monetary relief, certification under Fed. R. Civ. P 23(b)(2) is not proper.**

Certification of a Rule 23(b)(2) injunctive relief class is improper when the relief sought is primarily monetary in nature. Here, plaintiffs all seek to recover damages for the allegedly defective products sold and/or manufactured by Sergeants. *See Jefferson v. Ingersoll Int'l, Inc.*, 195 F.3d 894, 898 (7th Cir. 1999); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011). Stated another way, Rule 23(b)(2) certification is proper only when injunctive or declaratory relief is the predominant remedy requested. *Upton v. Chatlem, Inc.*, 289 F.R.D, 456, 461 (N.D. Ill. Feb. 8, 2013). Plaintiffs' claim for refund of the purchase price paid by millions of treat purchasers can hardly be considered "incidental" to the demand for injunctive and declaratory relief.

Further, in *Mullins*, 2014 WL 5461903, *supra*, cited by plaintiffs (and where the plaintiff was represented by plaintiffs' counsel in this matter), the plaintiff alleged "the Instaflex product is a phony" and similarly sought a refund for himself and the other members of the class. *Id*. at *3. The Plaintiff and also sought to have the class certified under 23(b)(2). *Id*. The court held that "the harm to Plaintiff, and likewise the class, 'is easily remedied by an award of money damages, a fully adequate remedy.' (citations omitted). While accurate and truthful labeling would be in the public interest, the other elements required for a permanent injunction are not met," denying certification under Rule 23(b)(2). *Id*. at *3. For these reasons, a class cannot be certified pursuant to Rule 23(b)(2), either.

## CONCLUSION

For all the foregoing reasons, Sergeants' Motion to Strike Plaintiffs' Class Action Allegations should be granted, along with such other relief as the Court deems proper.

Dated: November 6, 2015

Respectfully submitted,

*s/ Russell S. Jones, Jr.*
Russell S. Jones, Jr. MO#30814
Travis L. Salmon IL#6311641
POLSINELLI PC
900 W 48th Place, Suite 900
Kansas City, Missouri 64112-1895
(816) 753-1000
(816) 753-1536 (FAX)
rjones@polsinelli.com
tsalmon@polsinelli.com

Paula S. Kim IL #6286594
POLSINELLI PC
161 N Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 819-1900
(312) 819-1910 (FAX)
pkim@polsinelli.com

ATTORNEYS FOR DEFENDANT
SERGEANT'S PET CARE PRODUCTS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to registered counsel of record as identified on the Court's Docket as of November 6, 2015:

Joseph J. Siprut, Esq.
Richard L. Miller II, Esq.
Todd McLawhorn, Esq.
Gregg M. Barbakoff, Esq.
Siprut PC
17 N. State St., Suite 1600
Chicago, IL 60602
jsiprut@siprut.com
rmiller@siprut.com
tmclawhorn@siprut.com
gbarbakoff@siprut.com
(312) 236-0000
Fax: (312) 267-1906

ATTORNEYS FOR PLAINTIFFS

*/s/ Russell S. Jones, Jr.*
Attorneys for Defendant
Sergeant's Pet Care Products, Inc.