# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RYAN BIETSCH, BRYAN SCHNEIDER, and MICHAEL PFORTMILLER, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | Case No. 15-cv-05432 |
| v. | ) | Hon. Sara L. Ellis |
| SERGEANT'S PET CARE PRODUCTS, INC., a Michigan corporation, | ) | Hon. Susan E. Cox |
| Defendant. | ) | |

**PLAINTIFFS' SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS FROM PLAINTIFFS' CLASS ACTION COMPLAINT**

Sergeant's[1] attached the Declaration Of Krystal Sautter In Support Of Sergeant's Motion To Strike Class Allegations (the "Declaration"), (Dkt. No. 40-1), to its Defendant's Reply In Support Of Motion To Strike Plaintiffs' Class Action Allegations (the "Reply"). That Declaration contains various self-serving and untested factual assertions. Sergeant's reliance on this new Declaration is improper for two reasons. ***First***, Sergeant's attempt to raise new factual assertions in its Reply is improper under settled law. ***Second***, the very contents of the Declaration demonstrate that class-wide discovery ***is*** necessary.

## ARGUMENT

### I. It Is Improper For Sergeant's To Raise New Factual Allegations In Its Reply.

Sergeant's attempt to submit new facts via its Reply is clearly improper under settled law. This Court recently held that "[n]ew arguments, *facts, and exhibits* offered in a party's reply do

---

[1] Capitalized terms not defined herein have the same meaning as in Plaintiffs' response brief.

not allow the other side a fair opportunity to respond and therefore the Court must disregard them." *Smith v. Altman*, 2015 WL 5675376, at *2 (N.D. Ill. Sept. 21, 2015) (Ellis, J.) (emphasis added) (citing *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 n.7 (7th Cir. 1989)); *see, e.g., Gold v. Wolpert*, 876 F.2d 1327, 1331 n. 6 (7th Cir.1989) ("It is well-settled that new arguments cannot be made for the first time in reply. *This goes for new facts too*.") (citations omitted) (emphasis added); *Louisma v. Automated Fin., LLC*, 2011 WL 5105377, at *3 n.1 (N.D. Ill. Oct. 27, 2011) ("This practice of raising arguments and offering exhibits for the first time in a reply brief must be avoided so as to provide the non-moving party a fair opportunity to file a comprehensive response.").

Although case law clearly holds that a party cannot introduce new facts or exhibits in a Reply, that is precisely what Sergeant's has done here. The events described in the Declaration took place from 2011 to 2014. (Decl. ¶1-6.) Yet Sergeant's made no attempt to introduce this exhibit until it filed its Reply on November 6, 2015. (*See generally* Decl. (filed Nov. 6, 2015)). Given this timeline, there can be no serious debate that Sergeant's *could* have submitted the Declaration as an exhibit to Defendant's Memorandum of Law In Support Of Motion To Strike Class Plaintiffs' Class Allegations, which was filed on August 17, 2015. (Dkt No. 22.) Had Sergeant's done so, Plaintiffs could have addressed the Declaration's unilateral, self-serving factual assertions in Plaintiffs' Response In Opposition To Defendant's Motion to Strike Plaintiffs' Class Allegations (the "Response"). Rather than affording Plaintiffs this opportunity, Sergeant's unfairly ambushed Plaintiffs by attaching the Declaration as an exhibit to the Reply. Hence, the Court should not consider Sergeant's belatedly submitted exhibit, the purported facts it supposedly contains, or the arguments based upon it.

## II. The Declaration Underscores The Need For Class Discovery

Sergeant's Declaration demonstrates why Sergeant's attempt to strike Plaintiffs' class allegations on the pleadings fails. ***First***, Sergeant's reliance on the Declaration rests on a false assumption—that "[t]he only way the treats have zero value (are 'worthless') is if they harmed an owner's dog. (Reply at 6.) But Sergeant's attempt to equate economic injury with physical injury is senseless. Put simply, expert testing reveals that the Treats *do not digest properly* in dogs' stomachs. (Compl. ¶¶47-53.) Thus, if Class Members paid for a "nutritious" dog treat that was fit for canine consumption, but instead received dangerously defective Treats that are *unfit* for canine consumption, they purchased a worthless product. That is so regardless of how many Class Members' dogs were fortunate enough to ingest the Treats without dying or sustaining detectable injuries. *See, e.g. Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 523-24 (6th Cir. 2015) ("A full refund for each class member is appropriate because . . . there is no reason to buy Align except for its purported digestive benefits—"[i]t is a capsule filled with bacteria and inert ingredients. If, as alleged, the bacteria does nothing, then the capsule is worthless."); *Forcellati v. Hyland's, Inc.*, No. CV 12–1983–GHK MRWX, 2014 WL 1410264, at *9 (C.D.Cal. Apr. 9, 2014) (full restitution was appropriate even for satisfied customers if the plaintiffs prove that "Defendants' products are placebos, and that the products' effectiveness arises solely as a result of the placebo effect"); *see also Garner v. Healy*, 184 F.R.D. 598, 602 (N.D. Ill. 1999) (granting certification where class members allegedly "paid money for a 'wax,'" but allegedly received a "worthless 'non wax product'"). The Declaration's factual assertions are thus irrelevant to Plaintiffs' damages theory.

***Second***, assuming that economic injuries *can* be equated with physical injuries (which is not the case), Sergeant's reliance on the Declaration rests on another flawed assumption. Namely, that every Class Member whose dog exhibited the slightest physical symptoms from ingesting the Treat—such as diarrhea—would necessarily contact Sergeant's to complain. (Reply at 1 (claiming,

without any support, that "[d]og owners are not shy when it comes to reporting injuries to their dogs").) But even Sergeant's recognizes the holes in this reasoning. (*Id.* ("If a dog treat hurts a dog, the owner *likely* reaches out to voice his or her concern, *sometimes* seeking compensation for vet bills.") (emphasis added).) After conceding that Class Members would "likely" or "sometimes" complain about issues with the Treats, Sergeant's cannot plausibly contend that the Declaration encompasses *every* injury caused by the Treats during the relevant time. This lack of accuracy in the Declaration is precisely the type of factual issue that warrants discovery.

***Third***, the Declaration clearly contains false statements given an online petition incorporated by reference into Plaintiffs' Complaint (Compl. ¶45 n.8 (incorporating https://www.change.org/p/amazon-sergeants-stop-selling-pur-luv-grande-bones-bacon-flavor-amazon-to-remove-them-from-being-sold-online)). *See C.M. v. Fletcher Allen Health Care, Inc.*, 2013 WL 4453754, at *3 n.1 (D. Vt. Apr. 30, 2013) (at the pleadings stage, court can consider website incorporated by reference in complaint); *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 694 n.3 (S.D.N.Y. 2009) (same); *see also Wigod v. Wells Fargo Bank, N.A.*, 2011 WL 250501, at *2 n.1 (N.D. Ill. Jan. 25, 2011) *aff'd in part, rev'd in part on other grounds*, 673 F.3d 547 (7th Cir. 2012) (considering materials from website incorporated by reference into complaint). The Declaration claims that there have been 706 reported "adverse events" in connection with the Treats from 2011 through 2014. (Decl. ¶3-6.) By contrast, ***in the past 12 months alone***, 737 consumers have signed an online petition ("Petition") to convince Amazon and Sergeant's to stop selling the dangerously defective Treats. (*See* https://www.change.org/p/amazon-sergeants-stop-selling-pur-luv-grande-bones-bacon-flavor-amazon-to-remove-them-from-being-sold-online (last visited November 11, 2015).) Thus, to the extent Sergeant's raises the number of consumer complaints as a defense to class certification

(which would be unavailing), the discrepancy between the Declaration and the Petition necessitates class discovery.

***Fourth***, the Declaration comes nowhere close to resolving class issues at the *certification* stage—much less on the pleadings. For example, the Declaration tersely defines "adverse events" as "any unexpected experience or occurrence associated with the use of a drug or product." (Decl. ¶7 (emphasis omitted).) But there is no indication as to what constitutes an "unexpected" experience. Given the demonstrably-low digestion rate, one would reasonably expect the Treats to cause constipation or vomiting. Would complaints of these symptoms be recorded as an *unexpected* experience? And suppose an irate consumer launches into a profanity-laden tirade after paying hundreds (if not thousands) of dollars in vet bills due to the dangerously defective Treats. Does Sergeant's customer service department log the complaint, or simply hang up the phone? For that matter, how *does* Sergeant's record these customer complaints? How are the records stored? Who reviews them for accuracy? Without answering these questions, neither Plaintiffs nor the Court have any way of determining the accuracy of the Declaration's unilateral, self-serving assertions. Plaintiffs should be afforded the right to *test* these assertions by deposing Sergeant's declarant, reviewing Sergeant's customer service records, and obtaining information about Sergeant's record-keeping policies, rather than blindly assuming the truth of the declarant's statements.

As a final note, it is ironic that Sergeant's even relies on facts outside the pleadings, given Sergeant's argument that "[i]t is inefficient to engage in full class discovery where ***it is clear from the pleadings*** that a class cannot be certified." (Reply at 2 (emphasis added). In any event, Sergeant's Declaration is not only irrelevant to this case, but raises far more questions than it answers—questions that can only be resolved through class discovery.

## CONCLUSION

For the foregoing reasons, and others explained in Plaintiff's Response, Defendant's Motion To Strike Class Allegations From Plaintiff's Class Action Complaint should be denied in its entirety.

Dated: November 12, 2015

Respectfully submitted,

By: *s/ Joseph J. Siprut*

Joseph J. Siprut
*jsiprut@siprut.com*
Richard L. Miller II
*rmiller@siprut.com*
Todd McLawhorn
*tmclawhorn@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
**SIPRUT PC**
17 N. State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.267.1906
**www.siprut.com**

***Counsel for Plaintiffs and the Proposed Putative Class***

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiffs' Surreply In Further Opposition To Defendant's Motion To Strike Class Allegations From Plaintiffs' Class Action Complaint** was filed this 12th day of November 2015 via the electronic filing system of the United States District Court for the Northern District of Illinois, which will automatically serve all counsel of record.

*/s/ Joseph J. Siprut*
Joseph J. Siprut